IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICKEY LETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:19cv226-WKW-SMD |
| | ) | |
| PNC BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before this Court is Plaintiff's self-styled Motion to Object to the Recommendation of the United States Magistrate Judge to Dismiss the Plaintiff Complaint for Lack of Subject-Matter Jurisdiction (Doc. 53), which, functionally, is a response to this Court's earlier show-cause order directing Plaintiff to explain why this case should not be dismissed for lack of subject-matter jurisdiction. (Doc. 50). In that order, the undersigned found that, although Plaintiff was requesting $2.5 billion in relief, he was not making a good-faith estimate of damages, and the identifiable compensatory damages fell far short of $75,000. Additionally, the undersigned found that the Amended Complaint lacked sufficient factual support to justify an inference that punitive damages, which could potentially meet the amount-in-controversy requirement of 28 U.S.C. § 1332, would be warranted. *Id.* The Court further stated: "Plaintiff is advised that he shall provide the Court with competent evidence that his claim for damages accrues to more than $75,000.00. Such evidence may include, but is not limited to: the amount of monetary damages Plaintiff incurred because of Defendant's alleged double charges . . . facts supporting the

reprehensibility of Defendant's conduct that would support his recovery of punitive damages; and any other evidence the Court should consider when determining whether it possesses diversity jurisdiction over Plaintiff's claim." (Doc. 50) at 4.

Plaintiff's 31-page filing fails to cure the defects noted in this Court's earlier order. Despite attaching a hodgepodge of receipts and loan paperwork to his filing, (Doc. 53) at 19-31, the undersigned is unable to ascertain any new facts that would warrant a finding that Plaintiff's case now meets the amount-in-controversy requirement. Plaintiff's primary grievance seems to be that Defendant failed to disclose that Plaintiff was permitted to "delete his Escrow Account and pay his own taxs [sic] and insurance according to the Closing Disclosure Contract." (Doc. 53) at 4. However, Plaintiff goes on to state that this alleged overpayment amounts to $50.33 for 13 months, for a total of $654.29. *Id.* This would still fall well short of the $75,000 requirement. Alternatively, as best the undersigned can tell, Plaintiff may have allegedly overpaid by $36.20 for six months due to Defendant's alleged fraud. (Doc. 53) at 5. Still, this would fail to satisfy our jurisdictional threshold.

Accordingly, Plaintiff is still unable to show that any compensatory damages would place at least $75,000 in controversy. The undersigned next turns to punitive damages. Previously, this Court noted: "Plaintiff alleges no facts – only legal conclusions – that Defendant's conduct could potentially support a punitive damages award. However, if punitive damages are available, they will be based upon a reasonable ratio with the amount of compensatory damages recovered. . ." (Doc. 50) at 3. After reviewing Plaintiff's show-cause response, the undersigned finds that it fails to cure these defects.

Assuming, *arguendo*, that Plaintiff did allege sufficient factual matter to support the

possibility that punitive damages were warranted, Plaintiff fails to demonstrate how his punitive damages could top $75,000 with the relatively small amount of compensatory damages that appear to be in controversy. Further assuming, very generously, that Plaintiff has alleged $1,000 in compensatory damages, his punitive damages of $2.5 billion would fail as a matter of law. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003) (finding a $145 million punitive damages award for compensatory damages totaling $1 million violated due process). More relevant for jurisdictional purposes, however, his demand for punitive damages would also be unable to top the $75,000 amount-in-controversy requirement. *See id.* at 425 ("in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process."). Here, plaintiff is demanding, at minimum, a 75-to-1 ratio. Furthermore, the rare cases that do warrant high-ratio punitive damages tend to be reserved for a "particularly egregious act [that] has resulted in only a small amount of economic damages." *Id.* Here, Plaintiff does not explain how Defendant has committed any "particularly egregious" act, nor is the undersigned able to infer any particular egregious act through the facts in Plaintiff's Amended Complaint and his response. Indeed, Plaintiff's claims appear to be fairly routine allegations of misrepresentation in a common commercial transaction. *See BMW of N. Amer., Inc. v. Gore*, 517 U.S. 559, 580 (1996) (finding that defendant's conduct was not "sufficiently reprehensible" to warrant a $2 million punitive damages award atop a $4,000 compensatory damages award when defendant failed to disclose predelivery damage of new cars to customers). Therefore, Plaintiff's alleged punitive damages, when viewed in light of the potential ratio to compensatory damages, along with the

3

egregiousness of defendant's conduct, fail to place more than $75,000 in controversy.

Accordingly, because this Court has an independent obligation to examine its jurisdiction to hear Plaintiff's claim and finds jurisdiction lacking, it is

RECOMMENDED that Plaintiff's Amended Complaint (Doc. 23) be DISMISSED for lack of subject-matter jurisdiction, and that the voluminous pending motions in this case be DENIED as moot. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **November 12, 2019**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 29th day of October, 2019.


/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE


4